[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
The plaintiff moves to strike all three of the special defenses pleaded by Deborah A. Ryan, n/k/a Deborah Cioffi and Robert J. Woehrle (the defendants)[1] on the grounds that each is legally insufficient or improperly alleged in a foreclosure action. The defendants have not filed an objection.
The first special defense is struck. The defendants have not pleaded facts demonstrating that the HUD program is applicable here. See Berkeley Federal Bank Trust, FSB v. Gabel, Superior Court, judicial district of Middlesex, Docket No. 071109 (April 13, 1995, Aurigemma, J.), aff'd, 43 Conn. App. 923, 686 A.2d 138
(1996). Therefore, the first special defense is merely a legal conclusion and is struck.
The second special defense is struck. The defendants have failed to allege facts or offer any legal argument or evidence regarding a contractual duty on the part of the plaintiff to conduct loan work out discussions. Fleet Mortgage Corp. v.Baccash, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053127 (January 3, 1997, Curran, J.). See also Knutson Mortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.) (defendant's allegations regarding work out negotiations do not attack the making, validity, or enforcement CT Page 14240 of the note or mortgage and are therefore an improper special defense to a foreclosure action), and cases cited therein.
The defendants' third special defense is struck. "In their third special defense the defendants allege that the plaintiff is estopped from foreclosure because of waiver. Defendants contend that plaintiff's acceptance of late payments in the past constitutes waiver. However, paragraph [6] (D) of the . . . note [and paragraph ten of the open-end mortgage] executed by the defendants provides that such acceptance of late payments does not constitute waiver. Consequently, any inference of waiver which arises by the acceptance of late payments is negated.Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456
(1989)." Federal National Mortgage Assn. v. Graham, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328345 (August 22, 1996, West, J.).
Accordingly, the plaintiff's motion to strike all three of the defendants' special defenses is granted.
BALLEN, J.